## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

ROBERT EUGENE WILSON,

        Plaintiff,

v.                                CIVIL ACTION NO.   3:20-0054

TWITTER,

        Defendant.

### MEMORANDUM OPINION AND ORDER

This pro se suit arises out of defendant Twitter's suspension of several accounts opened by plaintiff Robert Wilson. *See* ECF No. 2. Wilson used Twitter to insult gay, lesbian, bisexual, and transgender people, so Twitter suspended at least three of his accounts for violating the company's terms of service, specifically its rules against hateful conduct. ECF No. 22, at 1–2. Wilson then sued Twitter, alleging that the company suspended his accounts based on his heterosexual and Christian expression in violation of the First Amendment, 42 U.S.C. § 1981, and Title II of the Civil Rights Act of 1964. *Id.* at 3. He also alleged "legal abuse" by Twitter. *Id.* at 5.

In her very thorough Proposed Findings and Recommendations ("PF&R"), Magistrate Judge Cheryl A. Eifert explains why Wilson's claims are baseless. Wilson has no First Amendment claim against Twitter because Twitter is a private actor. *Id.* at 7–11. He has no claim under § 1981 because he does not allege racial discrimination. *Id.* at 11–13. His Civil Rights Act claim fails for at least three reasons. First, only injunctive relief is available under Title II, not damages as Wilson seeks. *Id.* at 21–22. Second, Section 230 of the Communications Decency Act bars his claim. *Id.* at 22–27; 47 U.S.C. § 270. And third, Title II does not prohibit discrimination on the basis of sex

or sexual orientation, and Wilson asserted no facts showing Twitter acted in a discriminatory manner in enforcing its generally applicable rules. ECF No. 22, at 27–32. Finally, Wilson also failed to allege any conduct by Twitter that could plausibly amount to "legal abuse." *Id.* at 32–33.

Wilson filed objections to the PF&R. *See* ECF No. 23. The Court must now review those portions of the Magistrate Judge's findings "to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court need not review factual and legal conclusions to which a party does not object. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). Nor must the Court review *de novo* "general and conclusory" objections; instead, objections must raise specific errors in the PF&R. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The Court possesses wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C).

Wilson's objections mostly contain general frustrations. *See* ECF No. 23. He decries Twitter's refusal to allow him to create subsequent accounts, and he expresses his difficulty in finding caselaw to support his claims. *Id.* at 2, 4–5. The Court identifies only one specific objection to the PF&R. Wilson argues the Court should not dismiss his First Amendment claim because Twitter is a publicly-traded company, not a "private company." *Id.* at 1. He misunderstands the relevant distinction. The First Amendment's protection of free speech "is a guarantee *only* against abridgment by government, federal or state." *Hudgens v. N.L.R.B.*, 424 U.S. 507, 513 (1976) (emphasis added). A publicly-traded company is "public" only in the sense that anyone who purchases stock may become a shareholder. A publicly-traded company is not an extension of the government, so Twitter's decision to censor speech does not implicate the First Amendment's protection against government censorship. *See Davison v. Facebook, Inc.*, 370 F. Supp. 3d 621, 629 (E.D. Va.)*, aff'd,* 774 F. App'x 162 (4th Cir. 2019) ("Under these circumstances, Facebook

cannot be deemed a state actor. For that reason, Facebook has, as a private entity, the right to regulate the content of its platforms as it sees fit."); *Freedom Watch, Inc. v. Google, Inc.*, 368 F. Supp. 3d 30, 40 (D.D.C. 2019) ("Facebook and Twitter . . . are private businesses that do not become 'state actors' based solely on the provision of their social media networks to the public.").

Finding no valid objections, the Court **ADOPTS AND INCORPORATES HEREIN** the PF&R. Accordingly, the Court **GRANTS** Twitter's Motion to Dismiss, ECF No. 14, and **DISMISSES** this case from the Court's docket. The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        June 16, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE